**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ELECTRONIC PRIVACY INFORMATION CENTER  )
1718 Connecticut Avenue, N.W.  )
Suite 200  )
Washington, DC 20009,  )
      )
    Plaintiff,  )
      )
    v.  )
      )
      )
CENTRAL INTELLIGENCE AGENCY  )
Washington, DC 20505  )
      )
    Defendant.  )
      )

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a) (2013), for injunctive and other appropriate relief, seeking the release of agency records requested by the Electronic Privacy Information Center ("EPIC") on July 31, 2014 from the Central Intelligence Agency ("CIA").

2. This lawsuit challenges the failure of the CIA to disclose documents in response to EPIC's Freedom of Information Act request ("EPIC's FOIA Request"). EPIC sought the final report of the CIA Inspector General regarding the CIA's surveillance of the Senate Intelligence Committee. EPIC has constructively exhausted its administrative remedies. EPIC asks the Court to order prompt disclosure of all responsive records.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(A)(vii), 5 U.S.C. §§ 552(a)(4)(B), and 552(a)(6)(c)(i) (2013). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (2013). Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

4. Plaintiff EPIC is a public interest research organization incorporated as a not-for-profit corporation in Washington, D.C. EPIC conducts oversight of government activities and policies and analyzes their impact on civil liberties and privacy interests. Among its other activities, EPIC publishes books, reports, and a bi-weekly electronic newsletter. EPIC also maintains two popular Internet sites, http://www.epic.org and http://www.privacy.org/, which contain extensive information on current privacy issues, including documents obtained from federal agencies under the FOIA. EPIC routinely disseminates information to the public through its website and other media outlets. This Court recognized EPIC's role as a representative of the news media in *EPIC v. Dep't of Defense*, 241 F. Supp. 2d 5 (D.D.C. 2003).

5. Defendant CIA is a Department of the Executive Branch of the U.S. government and an agency within the meaning of 5 U.S.C. § 552(f)(1). The CIA is headquartered in Langley, Virginia.

## FACTS

6. In March, 2014, Senator Dianne Feinstein (D, CA), Chair of the Senate Intelligence Committee, publicly accused the CIA of secretly removing documents from the

Committee, searching computers used by the Committee, and attempting to intimidate congressional investigators by requesting an FBI inquiry into their conduct.

7. The Committee had been investigating the CIA's detention and interrogation program.

8. As part of the Committee's investigation, it was given what the CIA assured was a secure, walled-off computer on the CIA's premises so that the Committee could document its investigation as it reviewed agency files.

9. Despite the CIA's assurances that this drive would only be accessible to Committee staff, the agency accessed and searched the Committee's files in that drive.

10. CIA Director John Brennan disputed charges that the agency had conducted an improper search, stating, "Nothing could be further from the truth."

11. On July 31, 2014, the CIA confirmed that the CIA's Inspector General had conducted an investigation and concluded the agency had "improperly" accessed Senate computers.

12. Public statements by the agency indicate that the CIA Inspector General found "that some CIA employees acted in a manner inconsistent with the common understanding reached" between the agency and the Committee.

13. Media reports indicate that CIA Director John Brennan had briefed Senators Feinstein and Chambliss (R-GA) about the Inspector General report, and that "The Director… apologized to them for such actions by CIA officers as described in the OIG [Office of Inspector General] Report."

14. Senator Feinstein issued a public statement, acknowledging the report and Director Brennan's apology: "The investigation confirmed what I said on the Senate floor in March – CIA personnel inappropriately searched Senate Intelligence Committee

computers in violation of an agreement we had reached, and, I believe, in violation of the constitutional separation of powers.

15. Director Brennan apologized for these actions and submitted the IG report to an accountability board.

16. Senator Ron Wyden, who also sits on the Intelligence committee, remarked that, "The CIA inspector general has confirmed what senators have been saying all along: The CIA conducted an unauthorized search of Senate files, and attempted to have Senate staff prosecuted for doing their jobs. Director Brennan's claims to the contrary were simply not true."

17. On July 31, 2014, the CIA released a one-page summary of the Inspector General's report. This summary does not include essential details, for instance: the level of seniority of the agency officials who accessed the Committee computers, the number of times the computers were accessed, specifically what files or documents were accessed, what was done with the improperly accessed data from the computers, and what remedies the Inspector General recommends.

### EPIC's FOIA Request

18. Paragraphs 1-17 above are hereby incorporated by reference as if set forth fully herein.

19. On July 31, 2014, EPIC transmitted, via certified mail, a FOIA request to the CIA ("EPIC's FOIA Request").

20. EPIC's FOIA Request was delivered to the agency on August 4, 2014.

21. EPIC asked for the following agency records: "all final reports of the CIA Inspector General regarding the CIA's involvement in the penetration of the Senate Intelligence

Committee's computer network" as well as "executive summaries and related investigatory documents."

22. EPIC also sought "News Media" fee status as a "representative of the news media" under 5 U.S.C. § 552(4)(A)(ii).

23. EPIC further sought waiver of all duplication fees because disclosure of the records requested will contribute significantly to public understanding of the operation or activities of the government. 5 U.S.C. 552(4)(A).

24. EPIC sought expedited processing because the request was made by "a person primarily engaged in disseminating information" and it pertains to a matter about which there is an "urgency to inform the public about an actual or alleged federal government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II) (2013); *Al-Fayed v. CIA*, 254 F.3d 300 (D.C. Cir. 2001). Specifically, EPIC noted, "The CIA's improper search spawned numerous news reports, Congressional statements, and calls for reform."

25. EPIC also quoted a statement from Senator Feinstein in which she stated the CIA's actions "may well have violated the separation of powers principles embodied in the United States Constitution, including the Speech and Debate clause. It may have undermined the constitutional framework essential to effective congressional oversight of intelligence activities or any other government function . . . Besides the constitutional implications, the CIA's search may also have violated the Fourth Amendment, the Computer Fraud and Abuse Act, as well as Executive Order 12333, which prohibits the CIA from conducting domestic searches or Surveillance."

26. EPIC argued that the report from the Inspector General will provide more detail about the actual scope of the agency's activities and will be useful in assessing the effectiveness of oversight.

27. EPIC received no response from the CIA pertaining to EPIC's FOIA Request.

### EPIC has Constructively Exhausted its Administrative Remedies

28. Paragraphs 1-27 above are hereby incorporated by reference as if set forth fully herein.

29. It has been 41 business days since EPIC's FOIA Request was received by the CIA.

30. The CIA has failed to make a determination regarding EPIC's FOIA Request within the time period prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) and (a)(6)(E)(iii) (2013).

31. The CIA's failure to make a determination within the statutory limit violates the FOIA.

32. EPIC has constructively exhausted the administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i) (2013).

### Count I

### Violation of FOIA: Failure to Comply with Statutory Deadlines

33. Paragraphs 1-32 above are hereby incorporated by reference as if set forth fully herein.

34. As described above, Defendant CIA's failure to make a determination regarding EPIC's Request violated the statutory deadline imposed by the FOIA set forth in 5 U.S.C. § 552 (a)(6)(A)(ii) and (a)(6)(E)(iii) (2013).

35. EPIC has constructively exhausted the applicable administrative remedies with respect to EPIC's FOIA Request. 5 U.S.C. § 552(a)(6)(C)(i) (2013).

### Count II

### Violation of FOIA: Unlawful Withholding of Agency Records

36. Paragraphs 1-35 above are hereby incorporated by reference as if set forth fully herein.

37. As described above, the CIA has failed to comply with statutory deadlines and failed to make responsive records available to EPIC.

38. As a result of the CIA's unlawful delay, EPIC and the public have been denied access to agency records to which the parties are lawfully entitled under the FOIA, 5 U.S.C. § 552(a)(3)(A) (2013).

39. EPIC has constructively exhausted the applicable administrative remedies with respect to EPIC's FOIA Request. 5 U.S.C. § 552(a)(6)(C)(i) (2013).

40. EPIC is entitled to injunctive relief compelling the prompt disclosure of the requested agency records.

## Count III

### Violation of FOIA: Failure to Grant News Media Fee Status

41. Paragraphs 1-40 above are hereby incorporated by reference as if set forth fully herein.

42. In the EPIC FOIA Request, EPIC set forth facts and law in support of a determination that it is entitled to Media Fee Status.

43. EPIC has constructively exhausted administrative remedies with respect to the fee status determination. 5 U.S.C. § 552(a)(6)(C)(i) (2013).

44. EPIC is entitled to a determination that it is a media requester as the agency failed to comply with the time limit under 5 U.S.C. § 552 (a)(6)(A)(ii) and (a)(6)(E)(iii). 5 U.S.C. § 552(a)(4) (2013).

45. EPIC is also entitled to a determination that it is a media requester as a matter of law. *EPIC v. Department of Defense,* 241 F. Supp. 2d 5 (D.D.C. 2003).

## Count IV

**Violation of FOIA: Failure to Grant a Fee Waiver**

46. Paragraphs 1-45 above are hereby incorporated by reference as if set forth fully herein.

47. In the EPIC FOIA Request, EPIC set forth facts and law in support of a fee waiver.

48. The agency failed to make a determination on EPIC's fee waiver request.

49. EPIC has constructively exhausted remedies with respect to a fee waiver determination. 5 U.S.C. § 552(a)(6)(C)(i) (2013).

50. EPIC is entitled to injunctive relief providing for a fee waiver in this matter as a consequence of the agency's failure to make a determination on the fee waiver request.

51. EPIC is also entitled to a fee waiver in this matter as the agency failed to comply with the time limit under 5 U.S.C. § 552 (a)(6)(A)(ii) and (a)(6)(E)(iii) (2013). 5 U.S.C. § 552(a)(4)(A)(viii) (2013).

**Count V**

**Failure to Grant Expedited Processing**

52. Paragraphs 1-51 above are hereby incorporated by reference as if set forth fully herein.

53. In the EPIC FOIA Request, EPIC set forth facts and law in support of being granted expedited processing.

54. The agency failed to make a determination on EPIC's expedited processing request.

55. EPIC has constructively exhausted remedies with respect to an expedited processing determination. 5 U.S.C. § 552(a)(6)(C)(i) (2013).

56. EPIC is entitled to injunctive relief providing for expedited processing in this matter as a consequence of the agency's failure to make a determination on the expedited processing request.

57. EPIC is also entitled to expedited processing in this matter as the agency failed to comply with the time limit under 5 U.S.C. § 552 (a)(6)(E)(ii)(I) and (a)(6)(E)(iii) (2013).

**Requested Relief**

WHEREFORE, Plaintiff prays that this Court:

A. Order Defendant to conduct a reasonable search for all responsive records;

B. Order Defendant to promptly disclose to EPIC responsive records;

C. Order Defendant to produce a Vaughn Index identifying any document or portion of a document withheld, stating the statutory exemption claimed, and explaining how disclosure would damage the interests protected by the claimed exemption;

D. Order Defendant to grant EPIC news media status;

E. Order Defendant to grant EPIC a fee waiver;

F. Order Defendant to grant EPIC expedited processing;

G. Award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) (2013); and

H. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Marc Rotenberg, D.C. Bar # 422825
EPIC President

By: */s/ Ginger McCall*
Ginger McCall, D.C. Bar # 1001104
ELECTRONIC PRIVACY
INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
 (202) 483-1140 (telephone)
(202) 483-1248 (facsimile)