## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Electronic Privacy Information Center,<br><br>Plaintiff,<br><br>v.<br><br>Central Intelligence Agency,<br><br>Defendant. | Civil Action No. 14-01645 (BAH)<br><br>Judge Beryl A. Howell |

## STANDING ORDER FOR CIVIL CASES

### READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE.

It is the responsibility of counsel and the Court to "secure the just, speedy, and inexpensive determination of every action and proceeding" in federal court.  FED. R. CIV. P. 1.  To ensure that this case is resolved fairly and without undue cost or delay, it is **ORDERED** that the parties comply with the following directives:

1. **SERVICE OF COMPLAINT & STANDING ORDER; REMOVED ACTIONS**
   a. <u>Service</u>.  The plaintiff must promptly serve the complaint on the defendant(s), in accordance with Federal Rule of Civil Procedure 4, file proof of service, in accordance with Local Civil Rule 5.3,[1] and ensure that all parties receive a copy of this Standing Order.
   b. <u>Removed Action</u>.  A defendant removing an action to this Court must refile as a supplement to the petition any answer or re-notice any pending motion, and promptly ensure that all parties receive a copy of this Standing Order.  *See* FED. R. CIV. P. 81(c)(2).
   c. <u>Disclosure Certificate</u>.  To facilitate the Court's determination of the need for recusal, in all civil or agency actions where a corporation is a party or intervenor, counsel of record for that party or intervenor shall file, in accordance with Federal Rule of Civil Procedure 7.1 and Local Civil Rules 7.1 and 26.1, a certificate listing for that party or intervenor any parent corporation, subsidiary or affiliate, which to the knowledge of counsel has any outstanding securities in the hands of the public, or any publicly held corporation owning 10% or more of its stock. Such certificate shall be filed at the time of filing the party's first pleading.  Counsel shall have the continuing obligation to advise the Court of any change.

2. **COMMUNICATIONS WITH CHAMBERS**
   Except as authorized in this order, the parties may not contact chambers by telephone.  If extraordinary circumstances or emergencies so require, however, counsel may contact

---

[1] The Local Civil Rules are available at http://www.dcd.uscourts.gov/dcd/rules-forms.

chambers jointly via telephone conference.  Chambers will not provide legal advice of any kind.

3. **DUTY TO CONFER AND JOINT REPORTS, INCLUDING FOR CASES EXEMPTED BY LOCAL CIVIL RULE 16.3(b)**
   a. <u>Timing</u>.  Generally, the parties must meet and confer after any defendant first files an answer.  *See* FED. R. CIV. P. 26(f).  The parties must file the Joint Meet and Confer Report required by Local Civil Rule 16.3(d) ***within thirty days*** after any defendant files an answer or, if dispositive motions are filed pursuant to FED. R. CIV. P. 12(b), ***within fourteen days*** after resolution of dispositive motions, unless the Court orders otherwise.  Later served or joined parties are required to comply with the Scheduling Order entered based upon the original Joint Meet and Confer Report, unless, upon motion, they seek modification of such Order.
   b. <u>Exempted Cases</u>.  Notwithstanding that the requirement to confer and submit a Joint Meet and Confer Report does not apply to certain exempted cases, *see* LCvR 16.3(b); Fed. R. Civ. P. 26(a)(1)(B)(1):
      i. In any action for review on an administrative record, counsel for the parties shall jointly prepare and submit a report to the Court, ***within fourteen days*** after any defendant files a responsive pleading, proposing a schedule for the filing of the administrative record and for the filing of any motions.
      ii. In any action under the Freedom of Information Act, 5 U.S.C. § 552, counsel for the parties shall jointly prepare and submit a report to the Court, ***within fourteen days*** after any defendant files a responsive pleading, setting forth whether the agency has made a final determination "whether to comply" with any FOIA request at issue, *see* 5 U.S.C. § 552(a)(6)(A).  If such a final determination has been made, the parties shall propose a schedule for the filing of dispositive motions.  If no such final determination has been made, the parties shall (1) provide an estimate of when such a final determination will be made; and (2) propose a schedule for the filing of dispositive motions.
   c. <u>Report Contents</u>. The Joint Meet and Confer Report in cases subject to Local Civil Rule 16.3(d) must address ***all*** matters listed in Federal Rule of Civil Procedure 26(f)(2) and Local Civil Rule 16.3(c), and also include:
      i. a brief statement of the case that describes the nature of the case, the identities of the parties, and the statutory basis of the Court's jurisdiction for all causes of action and defenses;
      ii. a proposed scheduling order in accordance with Local Civil Rule 16.3(d); and
      iii. any request for a conference with the Court before entry of the scheduling order and, if so, a proposed agenda of matters to discuss at the initial status conference.

4. **INITIAL STATUS CONFERENCE AND ISSUANCE OF SCHEDULING ORDER**
   After submission of the Joint Meet and Confer Report, the Court will, if necessary, schedule an initial status conference to address matters which are not addressed or not agreed to by the parties in the Joint Meet and Confer Report.  As soon as practicable after submission of the Joint Meet and Confer Report or following the Initial Status Conference, the Court will issue a scheduling order governing proceedings in the case.  *See* FED. R. CIV. P. 16(b); LCvR 16.4.

**5.    MOTIONS - GENERALLY**
   a. <u>Format</u>. Motions and submissions should be double-spaced, in 12-point, Times Roman font, with page numbers and margins of no less than 1 inch. All citations must include exact page references (pincites). Absent leave of the Court, memoranda of points and authorities in support of and in opposition to motions may not exceed 45 pages, and replies may not exceed 25 pages. *See* LCvR 7(e).
   b. <u>Oral Argument</u>. Parties may include a request for oral argument in their motion or opposition or reply papers. *See* LCvR 7(f). The Court will determine whether argument will be heard, and if so, will advise counsel of the argument date.
   c. <u>Proposed Order</u>. The parties must ensure that motions and related submissions comply with Local Civil Rule 7. A party filing or opposing a motion must include a proposed order setting forth the relief or action sought. *See* LCvR 7(c).
   d. <u>Summary Judgment Motions</u>. A party filing a motion for summary judgment must include a statement of undisputed materials facts, and a party filing an opposition thereto must include a statement of disputed material facts. This Court strictly enforces Local Civil Rule 7(h) when resolving motions for summary judgment and will "assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LCvR 7(h).
   e. <u>Partial Dispositive Motions Disfavored</u>. If the parties wish to file dispositive motions, the Court ***strongly prefers*** that the parties refrain from filing "partial" dispositive motions. If either party wishes to file a dispositive motion, that motion should present ***all*** legal issues that the party claims are capable of disposing of the case at that stage of the proceedings.
   f. <u>Motions to Seal</u>. A party must submit a redacted version, suitable for filing on the public docket, of any document that it proposes to seal at the same time the party files a motion to seal. If a party believes that all portions of a sealed document must remain sealed, the party must specifically notify the Court of that belief at the time it files its motion to seal.

**6.    MOTIONS FOR EXTENSION OF TIME OR RESCHEDULING HEARING**
   Motions for extensions of time or for continuances of court proceedings are strongly discouraged. The parties should work within the time frames set by the Scheduling Order.
   a. <u>Timing and Content</u>. When good cause is shown, the Court will consider such a motion that is filed ***at least 4 days prior*** to the deadline the motion is seeking to extend or the scheduled hearing date[2] and states:
      i. the original date of the deadline the motion is seeking to extend or the scheduled hearing date;
      ii. the number of previous extensions of time or continuances granted to each party;
      iii. the good cause supporting the motion;
      iv. the effect, if any, that the granting of the motion will have on existing deadlines;
      v. for motions, suggested deadlines (reached in consultation with the opposing party) for the filing of any opposition and reply papers; for continuances, three alternative dates and times that are convenient to all parties; and
      vi. the opposing party's position on the motion, including any reasons given for refusing to consent, *see* LCvR 7(m).

---

[2] Untimely motions for an extension must contain an explanation for the failure to comply with the four-day rule.

    b. <u>Opposition</u>.  A party opposing a motion for an extension of time must file, **by 5:00 PM the business day after the motion is filed, the party's reasons for opposing the motion**.  If no such explanation is provided to the Court within this time frame, the motion shall be deemed conceded.  Informing the opposing party that consent is not granted **does not constitute an explanation to the Court**.

**7.**   **DISCOVERY DISPUTES**

The Court expects the parties to follow the requirements of Federal Rule of Civil Procedure 26 and Local Civil Rule 26.2.  Before bringing a discovery dispute to the Court's attention, the parties must confer in good faith in an attempt to resolve the dispute informally.  If the parties are unable to resolve the dispute, they shall contact chambers to arrange for a telephone conference with the Court and must jointly submit, via email to Howell_Chambers@dcd.uscourts.gov, a clear, concise description of the issues in dispute.  Before filing a motion relating to a discovery dispute, a party must obtain leave of the Court.  Failure to comply with this section may result in any such motion being stricken.

**8.**   **SETTLEMENT**

The Court expects the parties to evaluate their case for purposes of settlement and take steps accordingly.  Toward that end, the parties may contact chambers to request mediation (via a magistrate judge, a private mediator, or the Court's mediation program), arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution that may be tailored to the needs of the case.  If the case settles, in whole or in part, the plaintiff's counsel must promptly alert the Court.

**9.**   **JOINT PRETRIAL STATEMENT**

    a. <u>Timing</u>.  The parties must file with the Court a Joint Pretrial Statement *at least 14 days before the final pretrial conference or at another time that the Court may set*.  *See* LCvR 16.5(a).  The parties must submit to chambers a courtesy copy of the Joint Pretrial Statement.

    b. <u>Contents</u>.  In accordance with Local Civil Rule 16.5(b), (d), and (e), the Joint Pretrial Statement must include:
      i. <u>a one-paragraph joint statement of the case</u> that is appropriate to be read to the jury and describes the nature of the case, the identities of the parties, and the statutory basis of the Court's jurisdiction for all causes of action and defenses;
      ii. <u>a statement of claims</u> setting forth each claim a party has against any other party;
      iii. <u>a statement of defenses</u> setting forth each defense raised by a party to a claim asserted against it;
      iv. <u>a list of witnesses</u> (including expert and potential rebuttal witnesses) scheduled to be called by each party, accompanied by a brief description of each witness' expected testimony and the anticipated time for such testimony on direct, followed by specific objections (if any) to each witness;
      v. <u>a list of exhibits</u> that each party intends to offer during trial and separately identifying exhibits which may be offered if the need arises;
      vi. <u>a designation of depositions</u> or portions thereof, identified by page and line number, to be offered in evidence by each party;

      vii. <u>an itemization of damages</u> setting forth each element of damages and the monetary amount thereof (including prejudgment interest, punitive damages, and attorney's fees) sought;

     viii. <u>a description of other relief</u> sought by each party;

       ix. <u>stipulations</u> concerning authenticity of documents, admissibility of exhibits or testimony, or undisputed facts;

        x. <u>a description of each specific item of demonstrative evidence, physical evidence, or videotape evidence</u> that will be offered at trial and any objections; and

      xi. <u>a list of any motions *in limine*</u> that are pending to address issues the parties reasonably anticipate will arise at trial. ***See infra ¶ 10 regarding the timing for briefing on motions in limine.***

c. <u>Jury Cases.</u>  In jury cases, the parties also must submit as part of the Joint Pretrial Statement:
   i. <u>proposed *voir dire* questions</u> that indicate:
      I. the *voir dire* questions on which the parties agree; and
      II. the *voir dire* questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);
   ii. <u>the text of each proposed jury instruction</u>, that indicates:
      I. the instructions on which the parties agree;
      II. the instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any); and
      III. the proposed instruction's source (e.g., Standardized Civil Jury Instructions for the District of Columbia) or, for modified or new instructions, their supporting legal authority.
      IV. The jury instructions section should be formatted so that each individual jury instruction begins on a new page.
   iii. <u>a proposed verdict form</u>, as well as proposed special interrogatories (if any), that includes a date and signature line for the jury foreperson.

d. <u>Non-jury Cases.</u>  In non-jury cases, the plaintiff, or plaintiffs jointly, shall file proposed findings of fact and conclusions of law within three days of the close of evidence, and the defendant, or defendants jointly, shall file proposed findings of fact, which include specification of any facts proposed by the plaintiff that are admitted or controverted, and conclusions of law within five days of the close of evidence, unless otherwise ordered by the Court upon request of the parties.

**10**. **MOTIONS IN LIMINE.**

a. <u>Timing</u>.  Motions *in limine* shall be ***fully briefed at the time of filing of the parties' Joint Pretrial Statement***.  Accordingly, the moving party's motion *in limine* and supporting memorandum shall be filed and served upon the opposing party ***at least 21 days*** before the Joint Pretrial Statement is due.  The opposition shall be filed and served upon the moving party ***within 14 days*** of service of the motion *in limine*.   Any reply shall be due ***within 7 days*** of service of the opposition.  Oral argument on motions *in limine*, if necessary, shall occur at the Pretrial Conference.

b. <u>Tardy Motions</u>.  The Court will entertain late motions for which there is a ***compelling*** explanation only if filed ***at least 8 days prior*** to the date set for jury

selection. Oppositions to late motions must be filed *at least 5 days prior* to jury selection, and replies must be filed *at least 4 days prior* to jury selection. The Court will not consider motions *in limine* that relitigate issues already resolved by the Court.

**11.**  **TRIAL PROCEDURES**

The following rules are intended to ensure that the trial proceeds with efficiency, dignity, and congeniality.

    a.    <u>Schedule</u>. Unless the parties are otherwise notified, the Court will convene the jury portion of the trial from 9:30 AM to 12:30 PM and 1:45 PM to 5:00 PM, Monday through Friday. The parties must be in the courtroom at least 5 minutes before court is scheduled to begin or resume. If the trial is expected to last more than two weeks, the jury will not sit on Fridays.

    b.    <u>General Courtroom Rules</u>. The Court expects the parties to exercise civility at all times. Unless leave is otherwise granted, counsel shall:
        i.    examine witnesses or address the jury from the lectern or with the use of a microphone;
        ii.    obtain permission before approaching a witness;
        iii.    stand when raising objections;
        iv.    remain seated when the jury is entering or leaving the courtroom;
        v.    remain in the courtroom once court is in session;
        vi.    direct all statements to the Court rather than to the opposing party; and
        vii.    refer to all witnesses, over the age of 18, including their clients, as "Mr." or "Ms." rather than first name or nickname.

    c.    *Voir Dire*. The Court will conduct *voir dire* and will consider proposed *voir dire* questions submitted by the parties. Where warranted, the Court will allow the parties to propose additional questions of prospective jurors at the bench during *voir dire*.

    d.    <u>Technical Equipment</u>. Parties who would like to use technical equipment (e.g., overhead projectors, video display monitors) must contact the Courtroom Technology Administrator of the Clerk's office at (202) 354-3019 to arrange for the technical equipment to be in the Courtroom.

    e.    <u>Motions or Objections During Trial</u>. With regard to motions to be resolved on the following trial day, the parties must submit motions to the Court (by fax transmission to (202) 354-3452, hand-delivery or e-mail[3]) and the opposing party by no later than 9:00 p.m. on the day the issue arises. The opposing party must submit its response (if any) to the Court and the moving party by no later than 8:00 a.m. on the following trial day. With regard to objections, the parties must state clearly and succinctly the legal basis for the objections. To protect the record for appellate review, a party may explain or amplify its objections on the record after the jury has been excused. Parties should not request bench conferences in lieu of filing motions or raising objections. If a party plans to engage in a line of inquiry that requires judicial pre-approval, however, the party may seek a bench conference.

    f.    <u>Jury Instructions</u>. If events during trial necessitate the immediate giving of a *sua sponte* jury instruction, the party requesting the instruction must provide the Court

---

[3] Submission by e-mail should be addressed to Howell_Chambers@dcd.uscourts.gov, unless otherwise directed by the Court.

      with the text of the proposed instruction or else the Court will consider the request waived.

- g. <u>Witnesses</u>.  A party calling a witness must arrange for the witness' presence until cross-examination is completed.  Failure to have a witness present for cross-examination is grounds for striking the witness' testimony.  Except in extraordinary circumstances, the Court will not recess simply because a witness is unavailable.  The Court will endeavor to accommodate out-of-town and expert witnesses if counsel alerts the Court ahead of time.   Additionally, parties are advised to avoid eliciting witnesses' personal identifiers such as social security numbers, financial account information, names of minor children, dates of birth and home addresses.  If such information inadvertently becomes part of the record, the parties may request redaction of such information from the record.
- h. <u>Exhibits</u>.  Parties who plan to tender exhibits must provide an exhibit to the courtroom deputy.  Exhibits should be marked by number (1, 2, 3); groups of exhibits should be marked by number and letter (1A, 1B, 1C).
- i. <u>Closing Arguments and Final Instructions</u>.  The courtroom will be locked during jury instructions and no one will be permitted to enter or leave. In making closing arguments, counsel shall be limited by the evidence presented during trial and are reminded of the prohibition against appealing to the jurors' prejudices.  Moreover, during closing argument and throughout trial, counsel shall not:
    - i. make statements of personal belief to the jury;
    - ii. make personal attacks on other counsel in the case;
    - iii. appeal to the self-interest of the jurors; or
    - iv. make potentially inflammatory racial, ethnic, political or religious comments.

      With regard to both opening statements and closing arguments, counsel are admonished not to make statements or arguments that will engender objections.  The Court will intervene *sua sponte* and not wait for objections if it observes the failure to adhere to basic legal principles and standards of civility.  Failure to abide by these rules may result in sanctions.

**12.  MOTIONS FOR RECONSIDERATION**

Motions to alter or amend judgment (commonly known as "motions for reconsideration") are strongly discouraged.  Such motions shall be filed only when the requirements of Federal Rules of Civil Procedure 59(e) and/or 60(b) are met.  The Court will not entertain a motion that: (a) reasserts arguments previously raised and rejected by the Court; or (b) raises for the first time arguments which should have been advanced in the original motion.

**SO ORDERED**.

DATE:  October 3, 2014

                                                                           BERYL A. HOWELL
                                                                          United States District Judge